## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT** | ) | |
| **OPPORTUNITY COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.** |
| | ) | |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **WASTE CONNECTIONS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended, ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability. Plaintiff alleges that Defendant Waste Connections, Inc. engaged in intentional discrimination against John Frame ("Frame") by withdrawing a job offer to Mr. Frame because of his relationship with his wife, who was, at that time, diagnosed with cancer. Defendant's action was in violation of the ADA.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and 2000e-6 ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas. Had the acts of discrimination not taken place, Mr. Frame would have been employed within the jurisdiction of the United States District Court for the Southern District of Texas. Venue is therefore appropriate in this court.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant has continuously been a corporation doing business in the state of Texas, at 3 Waterway Square Place, Suite 110, The Woodlands, Texas, in Montgomery County, Texas, and has continuously had at least 15 employees. Defendant may be served at its registered agent for service of process, Corporation Service Company d/b/a CSC Lawyers Inco., 211 E. 7th Street, Suite 620, Austin, Texas, 78701.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

## STATEMENT OF CLAIMS

6.     More than thirty days prior to the institution of this lawsuit, Mr. Frame filed a charge of discrimination with the Commission alleging violation of the ADA by Defendant.

7.      On July 21, 2014, the Commission issued to Defendant a Letter of Determination inviting it to join the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8.      On August 28, 2014, the Commission issued to Defendant a Notice of Failure of Conciliation advising it that despite its efforts the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9.      All conditions precedent to the institution of this lawsuit have been fulfilled.

10.     In May 2013, Mr. Frame applied for a job as a senior pilot with Defendant. Mr. Frame was qualified for the job of senior pilot and, after a preliminary phone interview and two personal interviews, was offered the job in a telephone call on June 26, 2014. In his response to the offer, Mr. Frame mentioned that his wife was currently dealing with cancer and expressed his pleasure that the new job would put him closer to the MD Anderson Cancer Center in Houston, Texas.

11.     In response to the statement that Mr. Frame's wife had cancer, Defendant's representative suddenly terminated the telephone call.

12.     Later that day, Mr. Frame received a telephone message stating that the company was reconsidering the job offer and, later still, Mr. Frame was called by Defendant and told that he would not be hired. When Mr. Frame questioned the legality of this decision, the telephone call was abruptly terminated.

13.     Mr. Frame was not hired by Defendant and Defendant's decision was based entirely upon the fact that Mr. Frame's wife had cancer.

14.     The effect of the practices complained of above had the effect of excluding or otherwise denying employment to Mr. Frame because of the known disability of an individual with which he had a relationship or association, in violation of Section 12112(b)(4) of the ADA.

15.     As a result of Defendant's withdrawal of its job offer to Mr. Frame, Mr. Frame has suffered financial harm, emotional distress, and other non-pecuniary damages throughout the period of his wife's illness and to this day.

16.      The effect of the action complained of in paragraphs 10 through 15 above has been to deprive Mr. Frame of equal employment opportunities and to deny him employment based entirely upon his wife's diagnosis with cancer.

17.     The unlawful employment practice complained of in paragraphs 10 through 15 above was intentional.

18.     The unlawful employment practice complained of in paragraphs 10 through 15 above was done with malice or with reckless indifference to the federally protected rights of Mr. Frame.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all other persons in active concert or participation with them, from denying employees either employment or benefits on the basis of disability, including their relationship with persons with disabilities, and any other employment practice which discriminates on the basis of disability status.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled employees, including employees related to

persons with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make whole Mr. Frame, by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, front pay and other affirmative relief necessary to eradicate the effects of its unlawful employment practice.

D.     Order Defendant to make whole Mr. Frame, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practice described in paragraphs 10 through 15, above, in amounts to be determined at trial.

E.     Order Defendant to make whole Mr. Frame, by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 10 through 15, above, including emotional pain and suffering, loss of enjoyment of life, inconvenience, anxiety, stress, and humiliation, in amounts to be determined at trial.

F.     Order Defendant to pay to Mr. Frame punitive damages for Defendant's malicious and/or reckless conduct described in paragraphs 10 through 15, above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

September 29, 2014                    /s/Robert K. Dawkins
        Date                         Robert K. Dawkins
                                     Regional Attorney
                                     Georgia Bar No.: 076206
                                     robert.dawkins@eeoc.gov

James W. Allen                       Ottrell F. Edwards
Trial Attorney                       Supervisory Trial Attorney
Georgia Bar No. 016075               Georgia Bar No. 141979
james.allen@eeoc.gov                 ottrell.edwards@eeoc.gov

                                     EQUAL EMPLOYMENT OPPORTUNITY
                                     COMMISSION
                                     Atlanta District Office
                                     100 Alabama St., SW, Suite 4R30
                                     Atlanta, Georgia 30303
                                     (404) 562-6818         (direct)
                                     (404) 562-6905         (facsimile)